

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00137-CV

**IN THE INTEREST OF T.A.P.**, Jr.; D.C.P.; D.M.P.; D.L.Q.; and S.I.P., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA02543
Honorable Richard Garcia, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  July 19, 2017

AFFIRMED

This is an appeal from the trial court's order terminating appellant's parental rights to her five children.[1]  On appeal, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's findings on the predicate statutory grounds and on whether termination of her parental rights was in the children's best interest.  Because we conclude the evidence is legally and factually sufficient to support the trial court's findings, we affirm the trial court's order.

## BACKGROUND

On December 8, 2015, the Department of Family and Protective Services ("the Department") filed its original petition for conservatorship of the five children who are the subject of this appeal and for termination of their parents' parental rights.

---

[1] The trial court also terminated the fathers' parental rights.  They did not appeal.

At the December 5, 2016, termination hearing, the State first called the Department caseworker, Chelsea Solis, who testified the children were in three different family placements.[2] Solis said the Department originally removed the children because appellant allowed the children to stay with Leo C. who sexually abused six-year-old D.L.Q. Solis said appellant told her that Leo C. was a "friend" who stayed at their house. According to Solis, "multiple children" corroborated the sexual abuse allegations. Solis stated appellant had not completed any of the goals under her service plan, which required her to complete individual counseling, complete a substance abuse program, visit her children weekly contingent on clean drug test results, maintain contact with the Department, and obtain stable housing and employment. Appellant began three different substance abuse programs, but was unsuccessfully discharged from all three. Solis said appellant tested positive for methamphetamines and amphetamines throughout the case. Although appellant attended individual counseling and completed her psychological assessment, she made no progress toward changing her lifestyle or habits. Appellant missed most of her visitations with her children because of her positive drug test results. However, the children looked forward to seeing their mother and the visits were appropriate when they occurred. As for housing, Solis believed appellant was moving from house to house, staying with friends or her grandmother.

Solis believed termination of appellant's parental rights was in the children's best interest because appellant demonstrated an unwillingness to change her behavior, appellant was aware of her drug problem but did nothing to change, and the children had bonded with their caregivers who provided for all the children's basic needs. Solis said none of the children has any medical conditions or developmental issues, none takes medication, and they each were in therapy. She said the children miss their mother and like seeing her, but they are "very bonded" to their

---

[2] At the time of the termination hearing, T.A.P. was twelve years old, D.C.P. was ten years old, D.M.P. was eight years old, D.L.Q. was six years old, and S.I.P. was five years old.

caregivers and want to stay with them long-term. T.A.P. "was angry" about the removal because he did not blame his mother, but instead, blamed the man who abused his sister. However, T.A.P.'s anger problems have improved with therapy and he is doing well in school. Solis stated all the children want to be adopted by their current caregivers. Although the children are with three sets of caregivers, they continue to have sibling visits.

The State next called Leslie Vanaman, a professional counselor who saw appellant for both counseling and drug treatment. Vanaman said appellant did not make progress towards changing her habits, and she stopped treating appellant because appellant stopped attending her sessions.

Finally, the State called appellant who admitted she used amphetamines as recently as November 16, 2016—less than three weeks before the termination hearing. Appellant did not believe her parental rights should be terminated because she was "trying [her] hardest to — to get [the children] back, but then [she] fell off." Appellant said all her children wanted to come home. Appellant said she was on a wait list for admission to an in-patient drug treatment program, and, in the meantime, she intended to start a Narcotics Anonymous ("NA") program. She did not start the NA program earlier, when asked to do so by her caseworker, because she did not believe she had a drug problem. She realized she had a drug problem a "couple of months ago." Appellant stated she lives with her grandmother in a three-bedroom house, which she said was large enough for her children if they were returned to her.

Appellant said she was trying to find employment, and her grandmother, who is on social security, helped her financially. She said her father's girlfriend brings food. Appellant stated she completed her parenting class. She said she had a job in June and July of 2015, but she was fired because she had trouble finding transportation. She has not found other employment. Although she admitted to using drugs a few weeks before the termination hearing, appellant claimed she was raising her children in a happy home.

**STATUTORY PREDICATE GROUNDS**

Parental rights may be terminated only upon proof of clear and convincing evidence that the parent has committed an act prohibited by Texas Family Code section 161.001(b)(1), and that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). If the trial court terminates the parent-child relationship on multiple grounds under section 161.001(b)(1), we may affirm on any one ground because, in addition to finding that termination is in the child's best interest, only one predicate violation under section 161.001(b)(1) is necessary to support a termination decree. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

Here, the trial court terminated appellant's parental rights on four predicate grounds under Family Code section 161.001(b)(1)—grounds (D), (E), (O), and (P). On appeal, appellant argues the evidence is legally and factually insufficient to support the trial court's findings, under grounds (D) and (E), that (1) she knowingly placed or knowingly allowed her children to remain in conditions or surroundings that endangered their physical or emotional well-being; and (2) she engaged in conduct or knowingly placed the children with persons engaged in conduct that endangered the physical or emotional well-being of the children. As to ground (P)—that she used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the children, and failed to complete a court-ordered substance abuse treatment program; or after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance—appellant asserts the Department sought termination only on grounds (D), (E), and (O), but not on ground (P). Appellant's arguments, thus, challenge the trial court's findings on grounds (D), (E), and (P).

However, appellant does not attack the sufficiency of the trial court's findings with respect to ground (O)—that she failed to comply with the provisions of a court order which specifically established the actions necessary for her to obtain the return of the children. By not challenging

the sufficiency of the evidence in support of the trial court's finding on ground (O), appellant waived any complaint concerning the sufficiency of the evidence to support that finding. *See In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.). Therefore, the trial court's termination order is supported by sufficient evidence, and we need not address appellant's challenges to the trial court's findings on grounds (D), (E), and (P).

## BEST INTEREST

Appellant also challenges the legal and factual sufficiency of the trial court's finding that termination of her parental rights was in her children's best interest. *See* TEX. FAM. CODE § 161.001(b)(2). We review the legal and factual sufficiency of the evidence under well-established standards of review. *See In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009).

Under Texas law, there is a strong presumption that the best interest of a child is served by keeping the child with a parent. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, there is also a presumption that when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE § 263.307(a) (West Supp. 2016). In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). And finally, evidence that proves one or more statutory grounds for termination may constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013,

pet. denied). A trier of fact may measure a parent's future conduct by her past conduct and determine whether termination of parental rights is in the child's best interest. *Id.*

Here, there appears to be no dispute the children miss their mother, and T.A.P. was angry about his removal from his mother's care. However, according to the Department caseworker, the children all expressed a desire to be adopted by their current caregivers. The trial court had before it evidence concerning appellant's drug use, her unsuccessful discharge from three different substance abuse treatment programs, and that she tested positive for drugs less than three weeks before the termination hearing. Although appellant attended counseling, she made no progress on improving her life. The evidence indicated appellant could not meet the children's current emotional and physical needs, and it was uncertain whether she would ever be able to meet those needs in the future based on her continued drug use. On the other hand, the trial court also had before it evidence that the children thrived in the care of their caregivers who wished to adopt them.

Based on the evidence presented, the trial court could have evaluated many of the factors listed under Family Code section 263.307(b). Additionally, after reviewing the evidence presented, we believe the trial court had ample evidence before it from which it could evaluate many of the *Holley* factors. Viewing all of the evidence in the light most favorable to the trial court's finding, we conclude the trial court could have formed a firm belief or conviction that terminating appellant's parental rights was in the children's best interest. Therefore, we conclude the evidence was legally sufficient to support the trial court's best interest finding. Except for appellant's testimony that she was "trying" to stop her drug use and she held a job for two months, the evidence presented relevant to the trial court's decision to terminate appellant's parental rights was essentially undisputed. Therefore, we conclude the evidence was factually sufficient to support the trial court's best interest finding.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's Order of Termination.

Rebeca C. Martinez, Justice